UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| | No.   1:16-CV-01656-LJO-SKO |
| **DANIEL KIM, ET AL. ,** | ORDER SETTING MANDATORY SCHEDULING CONFERENCE |
| Plaintiffs, | |
| | DATE: January 9, 2020 |
| v. | TIME: 9:45 A.M. |
| **UNITED STATES OF AMERICA ,** | CTRM: #7 (6th Floor) |
| Defendant. | **SHEILA K. OBERTO** |
| / | **U.S. MAGISTRATE JUDGE** |

In light of the Opinion of the United States Court of Appeals for The Ninth Circuit (Doc. 46), the Court hereby SETS a formal Scheduling Conference on January 9, 2020, at 9:45 a.m. before United States Magistrate Judge Sheila K. Oberto, in Courtroom 7 at the United States Courthouse, 2500 Tulare Street , Fresno, CA 93721.  The parties shall file their Joint Scheduling Report as set forth below, by no later than January 2, 2020.

///

///

///

///

///

Attendance at the Scheduling Conference is **mandatory** upon each party not represented by counsel or by retained counsel.  Only counsel who are thoroughly familiar with the facts and the law of the instant case, and who have full authority to bind his or her client, shall appear.  Trial counsel should participate in this Scheduling Conference whenever possible.  It may be necessary for counsel to spend as much as 45 minutes in this Conference.

A Joint Scheduling Report, carefully prepared and executed by all counsel/pro se parties, shall be electronically filed in CM/ECF, one (1) full week prior to the Scheduling Conference, and shall be e-mailed, in Word format, to **skoorders@caed.uscourts.gov**.

For reference purposes, the Court requires that counsels' Joint Scheduling Report indicate the date, time, and courtroom of the the Scheduling Conference.  This information is to be placed opposite the caption on the first page of the Report.

Among other things, counsel will be expected to discuss the possibility of settlement.  Counsel are to thoroughly discuss settlement with each other before undertaking the preparation of the Joint Scheduling Report and engaging in extensive discovery. However, even if settlement negotiations are progressing, counsel are expected to comply with the requirements of this Order unless otherwise excused by the Court. If the case is settled, please **promptly** inform the Court, and counsels' presence, as well as the Joint Scheduling Report, will not be required.

///

///

///

///

**Counsel may request that their attendance be by telephonic conference.** If two or more parties wish to appear telephonically, counsel shall decide which will be responsible for making prior arrangements for the conference call and shall initiate the call at the above-designated time. <u>After all parties are on the line, the call should then be placed to Judge Oberto's chambers at (559) 499-5790.</u> **Additionally, counsel are directed to indicate on the face page of their Joint Scheduling Report that the conference will be telephonic.**

At least twenty (20) days prior to the Mandatory Scheduling Conference, trial counsel for all parties shall conduct and conclude a conference at a time and place arranged by counsel for the plaintiff(s). This conference preferably should be a personal conference between all counsel but, due to the distances involved in this District, a telephonic conference call involving all counsel/pro se parties is permissible. The Joint Scheduling Report shall respond to the following items by corresponding numbered paragraphs:

**Form and Contents of the Joint Scheduling Report**

1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

///
///
///
///
///
///

2. Any proposed amendment to the pleadings presently on file shall be filed by its proponent contemporaneously with the Scheduling Conference Report. If the matter cannot be resolved at the Scheduling Conference, the matter will be set as a Motion to Amend in accordance with the Rules of Practice of the Eastern District of California.

3. A proposed deadline for amendments to pleadings.

4. A summary detailing the uncontested and contested facts.

5. A summary of the legal issues as to which there is no dispute, *e.g.*, jurisdiction, venue, applicable federal or state law, etc., as well as a summary of the disputed legal issues.

6. The status of all matters which are presently set before the Court, *e.g.*, hearing all motions, etc.

7. A complete and detailed discovery plan addressing the following:

(a) A date for the exchange of initial disclosures required by Fed. R. Civ. P. 26(a)(1), or a statement that disclosures have already been exchanged;

(b) A firm cut-off date for non-expert discovery. When setting this date, the parties are advised that motions to compel any non-expert discovery must be filed and heard sufficiently in advance of the deadline so that the Court may grant effective relief within the allotted discovery time;

(c) A firm date(s) for disclosure of expert witnesses as required by Fed. R. Civ. P. 26(a)(2);

(d) A firm cut-off date for expert witness discovery. When setting this date, the parties are advised that motions to compel any expert discovery must be filed and heard sufficiently in advance of the deadline so that the Court may grant effective relief within the allotted discovery time;

(e) Any proposed changes in the limits on discovery imposed by Fed.R.Civ.P. 26(b); 30(a)(2)(A), (B) or (C); 30(d); or 33(a);

(f) Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;

(g) Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery;

(h) Whether the parties anticipate the need to take discovery outside the United States and, if so, a description of the proposed discovery; and

(i) Whether any party anticipates video and/or sound recording of depositions.

8. Discovery relating to Electronic, Digital and/or Magnetic data.

Prior to a Fed. R. Civ. P. 26(f) conference, counsel should carefully investigate their client's information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved. Likewise, counsel shall reasonably review the client's computer files to ascertain the contents thereof; including archival and legacy data (outdated formats or media), and disclose in initial discovery (self-executing routine discovery) the computer based evidence which may be used to support claims or defenses.

(A) Duty to Notify. A party seeking discovery of computer-based information shall notify the opposing party immediately, but no later than the date set for the Fed. R. Civ. P. 26(f) conference, and identify as clearly as possible the categories of information which may be sought currently. This does not foreclose an application to amend for items which later may be sought.

(B) Duty to Meet and Confer. The parties shall meet and confer regarding the following matters during the Fed. R. Civ. P. 26(f) conference:

(i) <u>Computer-based information (in general)</u>. Counsel shall attempt to agree on steps the parties will take to accusations of spoliation;

(ii) <u>E-mail information</u>. Counsel shall attempt to agree as to the scope of e-mail discovery and attempt to agree upon an e-mail search protocol. This should include an agreement regarding inadvertent production of privileged e-mail messages.

(iii) <u>Deleted information</u>. Counsel shall confer and attempt to agree whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration; and,

(iv) <u>Back-up data</u>. Counsel shall attempt to agree whether or not back-up data may be necessary, the extent to which backup data is needed and who will bear the cost of obtaining back-up data.

The Joint Scheduling Report Shall summarize the parties conference relating to discovery of electronic data.

9. Dates agreed to by all counsel for:

(a) Filing non-dispositive[1] and dispositive[2] pre-trial motions with the understanding that motions (except motions in *limine*

6

```
 1              or other trial motions) will not be entertained after the
 2              agreed upon date.  (No later than 10 weeks prior to the proposed
 3              Pre-Trial Conference date.)
 4            (b) Pre-Trial Conference date. (No later than 45 days prior to
 5              the proposed trial date.)
 6            (c) Trial date.
 7       All of these dates should be considered firm dates.  Dates
 8  should be set to allow the court to decide any matters under submission
 9  before the Pre-Trial Conference is set.
10     10.  At the conference referred to above, counsel are encouraged to
11  discuss settlement, and the Court will expect a statement in the Joint
12  Scheduling Report as to the possibility of settlement.
13     11.  A statement as to whether the case is a jury or non-jury case.
14  If the parties disagree as to whether a jury trial has been timely
15  demanded or whether one is available on some or all of the claims, the
16  statement shall include a summary of each party's position.
17     12.  An estimate of the number of trial days required.  When counsel
18  cannot agree, each party shall give his or her best estimate.  In
19  estimating the number of trial days counsel should keep in mind that
20  this court is normally able to devote the entire day to trial.
21     13.  Because the District Judges' dockets are extremely crowded
22  dockets the parties should consider the issue of whether they
23  are willing to consent to the jurisdiction of a U.S. Magistrate Judge
24  pursuant to 28 U.S.C. section 636(c).  All non-dispositive motions are
25  routinely heard by the Magistrate Judge whether or not the parties
26  consent.
```

---

[1] Motions to compel discovery, amend, remand, etc.
[2] Motions for summary adjudication or to dismiss, strike, etc.

14.  Whether either party requests bifurcation or phasing of trial, or any other suggestion for shortening or expediting discovery, pre-trial motions or trial.

     15.  Whether this matter is related to any matter pending in this court or any other court, including any bankruptcy court.

     16.  Joint Scheduling Reports are to be e-mailed, in Word format, to **skoorders@caed.uscourts.gov.**

**SHOULD COUNSEL OR A PARTY APPEARING *PRO SE* FAIL TO APPEAR AT THE MANDATORY SCHEDULING CONFERENCE, OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH ABOVE, AN <u>EX PARTE</u> HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY BE ENTERED. INCLUDING SANCTIONS AND CONTEMPT OF COURT.**

                         UNITED STATES MAGISTRATE JUDGE

                         /s/ SHEILA K. OBERTO